UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT TRUJILLO,

    Plaintiff,

vs.

HENNIGES AUTOMOTIVE SEALING
SYSTEMS NORTH AMERICA, INC.,
a foreign corporation sometimes doing
business as "GDX Automotive" and formerly
known as "GDX North America Inc.",

    Defendant.

Case No. 2:09-CV-13751
Hon. Marianne O. Battani

---

| | |
|---|---|
| ALSPECTOR, SOSIN & NOVECK, PLLC<br>By: ROBERT M. SOSIN P35414<br>Attorneys for Plaintiff<br>30100 Telegraph Road, Suite 302 Bingham Farms, MI 48025-4517<br>(248)642-3200 | Catherine A. Tracey (P63161)<br>Thomas R. Wurst (P30177)<br>MILLER JOHNSON<br>Attorneys for Defendant<br>250 Monroe Avenue, N.W., Suite 800<br>Grand Rapids, MI 49503<br>(616) 831-1792 |

---

## CONFIDENTIALITY AGREEMENT
## AND STIPULATED PROTECTIVE ORDER

### Preamble

      The parties anticipate that in the course of discovery Defendant Henniges Automotive Sealing Systems North America, Inc. ("Henniges") will produce to Plaintiff Scott Trujillo ("Trujillo") or his counsel documents, testimony, and other information that Henniges considers to be confidential, including but not limited to information concerning Henniges' business, finances, employees and employee compensation. The documents and testimony containing this information are subject to the protection of the Court under Federal Rule of Civil

Procedure 26(c). The parties agree that justice requires that reasonable measures be established to protect the confidentiality of this information, as set forth below.

**Stipulation**

The parties agree as follows, and stipulate to the Court's entry of an Order containing the following terms and conditions:

1. For purposes of this Stipulated Protective Order: "Henniges Business Information" means any information related to Henniges' business operations, finances, employees and employee compensation, including but not limited to any written or electronic documents or other materials containing such information and any copies or reproductions thereof, where such information either (i) is not generally available to the public, or (ii) has been marked "Confidential" or designated as "Confidential" by Henniges prior to its production by Henniges to Trujillo or his counsel.

2. Henniges Business Information will be subject to the following restrictions:

    a. Neither Trujillo nor his counsel, nor any other person acting in Trujillo's behalf, shall disclose any Henniges Business Information to any other person, except (i) to persons regularly employed in the law offices of Trujillo's counsel as necessary for those persons to render services on Trujillo's behalf in connection with this case; or (ii) to bona fide experts consulted by Trujillo's counsel in connection with this case. Each person to whom Henniges Business Information is provided shall be provided with a copy of this Agreement and Order. No person to whom disclosure is made shall divulge any Henniges Business Information to any other person. Any person having actual knowledge of this Order is bound to the full extent of its terms.

b. In the event that Trujillo wishes to file any Henniges Business Information with the Court or to disclose Henniges Business Information in a manner not authorized by paragraph 2.a., Trujillo will advise counsel for Henniges of the intended filing or disclosure by written notice delivered at least seven days prior to the date of the intended filing or disclosure. If Henniges objects to the filing or disclosure, Henniges will notify Plaintiff's counsel in writing of its objection and apply to the Court for an order prohibiting or restricting the filing or disclosure. No disclosure shall be made until the Court rules upon the application for protection.

3. Documents, deposition transcripts, reports, and other discovery material containing Henniges Business Information shall be used only for purposes directly related to the prosecution or defense of claims in this action, and not for any other purpose.

4. At the conclusion of all proceedings in this litigation, all Henniges Business Information in the possession of Trujillo or his counsel, experts or other representatives shall be destroyed or returned to Henniges. The termination of proceedings in this litigation shall not relieve any person from the obligations of this Agreement and Order. The Court may retain jurisdiction after the final disposition of this litigation for the purposes of any application to modify or enforce the provisions of this Agreement and Order.

/s/ Robert M. Sosin (w/ permission)_____     /s/ Catherine A. Tracey_____
Robert M. Sosin (P35414)     Catherine A. Tracey (P63161)
ALSPECTOR, SOSIN & NOVECK, PLLC     MILLER JOHNSON
Attorneys for Plaintiff     Attorneys for Defendant

## **ORDER**

Based on the Stipulation of the parties set forth above,

IT IS SO ORDERED.


Date: <u>June 10</u>, 2010                                              <u>s/Marianne O. Battani</u>
                                                                        Hon. Marianne O. Battani
                                                                        U.S. District Court Court Judge

GR_DOCS 1609177v1 20132.005